ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 APR 20 PM 1:45
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ONECHE GARCIA-CORDERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 310-088 |
| ) | |
| THE UNITED STATES DEPARTMENT ) | |
| OF JUSTICE, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at McRae Correctional Facility in McRae, Georgia, brought the above-captioned case pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 *et seq*. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I.   **BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) the United States Department of Justice; (2) the Federal Bureau of Prisons; (3) the United States Department

of Homeland Security ("DHS"); (4) Eric Holder, the Attorney General of the United States; and (5) Janet Napolitano, the Secretary of the DHS. (Doc. no. 1, p. 1.) Plaintiff states that he is currently serving a 60-month term of imprisonment for various crimes involving the transportation of aliens into the United States. (See id. at 2.) Plaintiff further states that he is an alien and that he is neither a citizen nor national of the United States. (Id. at 9.) The relief that Plaintiff seeks in his complaint is for the Court to compel Defendants to commence removal proceedings against him, presumably so that his confinement will not be extended in order to complete such proceedings. (See id. at 1, 6.) According to Plaintiff, the Court has jurisdiction to hear this case under the Mandamus Act,[1] 28 U.S.C. § 1361, and the APA, 5 U.S.C. §§ 701 *et seq.* (Id. at 2.)

## II. DISCUSSION

The threshold issue raised by Plaintiff's complaint is whether the Court has jurisdiction to order the commencement of removal proceedings.[2] Contrary to Plaintiff's

---

[1] The Court is aware that the writ of mandamus has been abolished; nevertheless, relief previously available through a writ of mandamus may still be "obtained by appropriate action." Fed. R. Civ. P. 81(b). Accordingly, the Court will refer to the relief Plaintiff seeks simply as "mandamus."

[2] The Court is obligated to determine whether it has jurisdiction over this matter. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard System R. R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Furthermore, Fed. R. Civ. P. 12(h)(3) directs, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The Eleventh Circuit has described the extent of the Court's obligation to consider the limits of its jurisdiction *sua sponte*:

> A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking* . . . The party invoking the jurisdiction of the court has

2

assertions regarding the Court's authority to hear his claims, the Court finds that it does not have jurisdiction to order the initiation of removal proceedings.

In this action, Plaintiff seeks to enforce a provision of the Immigration and Nationality Act ("INA") that states, "In the case of an alien who is convicted of an offense which makes the alien deportable, the Attorney General shall begin any removal proceeding as expeditiously as possible after the date of the conviction." 8 U.S.C. § 1229(d)(1).[3] However, the INA specifically provides that "[n]othing in [§ 1229(d)] shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or any other person." Id. § 1229(d)(2). Accordingly, the statutory provision that Plaintiff seeks to enforce does not create a private right of action and cannot serve as the jurisdictional basis for Plaintiff's claim. See id.; see also Hernandez-Avalos v. INS, 50 F.3d 842, 844 (10th Cir. 1995) (no private right of action under INA for alien, or any other person, to compel the commencement of deportation proceedings); Kha Ngoc Le v. Gonzales, 2006 U.S. Dist. LEXIS 75173, at *2 (N.D. Ga. Oct. 13, 2006)

---

> the duty to establish that federal jurisdiction does exist, . . . but, since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence. . . . Thus, the party invoking the federal court's jurisdiction bears the burden of proof. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte* . . . Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.

Fitzgerald, 760 F.2d at 1251 (citations omitted).

[3]Plaintiff incorrectly cites former 8 U.S.C. § 1252(i), which, prior to being eliminated upon the enactment of amendments that changed the structure of the INA, had a provision identical to the current § 1229(d)(1).

3

("[Section] 1229(d)(2) explicitly provide[s] that there is no private right of action to compel completion of removal proceedings.").

Plaintiff attempts to address this jurisdictional problem by asserting that "it is not necessary to determine whether [the INA] creates a private right of action" because, according to Plaintiff, jurisdiction exists pursuant to the Mandamus Act and the APA. (Doc. no. 8, pp. 2, 8.) The Court disagrees with this proposition; contrary to Plaintiff's contentions, neither the Mandamus Act nor the APA supplies the requisite jurisdictional basis for this action.

First, jurisdiction is lacking under the Mandamus Act and the APA because of the following provision from the INA:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including [28 U.S.C. § 2241], or any other habeas corpus provision, and [28 U.S.C. §§ 1361 and 1651], no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General *to commence proceedings*, adjudicate cases, or execute removal orders against any alien under this Act.

8 U.S.C. § 1252(g) (emphasis added). Under the plain language of this provision, the Court has been divested of jurisdiction to hear claims arising from the decision to commence removal proceedings under any provision of law aside from those specified, none of which provide jurisdiction in this case. Id. Moreover, in applying this provision, courts have held this jurisdictional bar to extend to the decision to refrain from commencing proceedings, adjudicating cases, or executing removal orders. See, e.g., Duamutef v. INS, 386 F.3d 172, 181 (2d Cir. 2004) (holding that the jurisdictional bar of § 1252(g) applied where the plaintiff requested that the Court order the execution of a final order of deportation that had been

4

issued against him); see also Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 484 (1999) (noting that, with respect to commencing proceedings and the other discretionary acts described in § 1252(g), the executive's discretion extends to "abandon[ing] the endeavor" by *not* commencing removal proceedings, adjudicating cases, or executing removal orders). Therefore, the jurisdictional bar from § 1252(g) precludes the Court from exercising jurisdiction over the instant case under the Mandamus Act or the APA.

In addition, the Mandamus Act cannot serve as a basis for jurisdiction in this case because Plaintiff does not have standing to bring a mandamus action. Perhaps surprisingly, in the past some courts held that criminal aliens could compel the initiation of removal or deportation proceedings. See, e.g., Soler v. Scott, 942 F.2d 597, 604-05 (9th Cir. 1991), *vacated as moot sub nom.*, Sivley v. Soler, 506 U.S. 969 (1992). The courts that adopted this position asserted jurisdiction to order the initiation of deportation hearings pursuant to the Immigration Reform and Control Act ("IRCA"), a predecessor to the contemporary INA. Campos v. INS, 62 F.3d 311, 312 (9th Cir. 1995). Moreover, such courts held that alien inmates had standing under the Mandamus Act to seek this type of relief, reasoning that a provision of the IRCA that required removal proceedings to begin "as expeditiously as possible after the date of the conviction" created a duty to incarcerated aliens to commence removal proceedings with sufficient expediency. Id. at 313 (citing, among other authorities, former 8 U.S.C. § 1252(i)).

5

However, these cases are no longer good law.[4] For example, the Ninth Circuit has overruled the line of cases in which courts heard claims for mandamus relief related to the compelled initiation of removal proceedings, explaining that because of the addition of the language quoted above from § 1229(d)(2), it has become clear that no party owes alien inmates a duty to promptly commence their removal proceedings, and such inmates therefore lack standing to compel the initiation of removal proceedings under the Mandamus Act. Id. at 313-14; see also Hernandez-Avalos, 50 F.3d at 844 ("[N]o would-be plaintiff has standing to bring suit [to compel the initiation of removal proceedings], either directly under [the INA] or by way of the Mandamus Act.")

Simply put, Plaintiff does not have standing to bring a mandamus action, and any contention otherwise is unsupported by law. Moreover, the conclusion that alien inmates lack standing to demand the initiation of removal proceedings comports with common sense, as well as legislative intent. The INA provisions at issue here were enacted "not for the benefit of incarcerated aliens, but for the benefit of taxpayers, the objective being to save money at the federal, state, and local levels by deporting criminal aliens as soon as their sentences ended, thus avoiding the expense of housing and feeding them while they awaited deportation." Hernandez-Avalos, 50 F.3d at 848. It is therefore clear that Congress never

---

[4] Of course, many courts simply never reached the conclusion that incarcerated aliens possessed standing to bring a mandamus action. See, e.g., Giddings v. Chandler, 979 F.2d 1104, 1110 (5th Cir. 1992)("[A] criminal alien lacks standing to bring suit under either the Mandamus Act or the APA because criminal aliens do not fall within the 'zone of interest' of [former] § 1252(i) and thus have no standing to compel the INS to commence deportation proceedings.").

intended the statute to be enforced by incarcerated aliens. Id. Accordingly, no further discussion of mandamus jurisdiction is warranted.

Finally, the Court notes that jurisdiction under the APA is also inappropriate because "the APA is not applicable to deportation proceedings under the INA." Id. at 845 n.8 (citing Ardestani v. INS, 502 U.S. 129 (1991), *aff'g* Ardestani v. United States Dep't of Justice, INS, 904 F.2d 1505 (11th Cir. 1990)); see also Campos, 62 F.3d at 314 (finding no jurisdiction over claim for injunctive relief under APA because "immigration proceedings are not governed by the APA" (quoting Silveyra v. Moschorak, 989 F.2d 1012, 1015 (9th Cir. 1993))).

In sum, Plaintiff has not shown, and the Court is not aware of, any valid jurisdictional basis for his claim requesting the Court to order the initiation of his removal proceedings. Accordingly, his case must be dismissed.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for lack of jurisdiction.

SO REPORTED and RECOMMENDED this 20th day of April, 2011, at Augusta, Georgia.

*[signature]*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

7